UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUE BONIFAZIO,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WESTERN UNITED INSURANCE COMPANY, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-01358-MMD-VCF<br><br>ORDER<br><br>(Defendant Western United Insurance Company's Motion to Dismiss – dkt. no. 5)<br>(Defendant Western United Insurance Company's Motion to Strike – dkt. no. 7) |

Before the Court are Defendant Western United Insurance Company's ("Western United") Motion to Dismiss (dkt. no. 5) and Motion to Strike (dkt. no. 7). For the reasons stated below, both Motions are denied.

**I.　BACKGROUND**

This case stems from a dispute over an uninsured motorist policy between Plaintiff Sue Bonifazio and her insurer, Western Unted. On June 28, 2010, Plaintiff purchased an auto insurance policy from Western United, policy number NVS-000818282. The policy provided Plaintiff with uninsured and underinsured motorist coverage of $250,000 per person and $500,000 per occurrence. Plaintiff asserts that her decision to purchase underinsured motorist coverage was based upon Western United's contractual promises and representations that in the event Plaintiff was injured in an accident with a third party who was uninsured or underinsured, she would be fairly compensated by Western United up to the policy limits.

On June 28, 2011, Plaintiff was involved in a motor vehicle accident. Plaintiff states that a driver negligently drove his vehicle into the driver's side door of Plaintiff's car, injuring her. On November 29, 2011, Plaintiff demanded that Western United pay the policy limits of the underinsured motorist coverage in her policy. The demand included medical records and bills which Plaintiff alleges establishes damages in excess of $10,000.00. However, Plaintiff alleges that Western United has failed to extend an offer to compensate Plaintiff for her injuries.

Plaintiff filed her Complaint in state court on June 28, 2012, alleging breach of contract and tortious breach of the covenant of good faith and fair dealing. Defendant timely removed. Defendant now moves to dismiss (dkt. no. 5) and to strike Plaintiff's allegations against Roe and Doe defendants (dkt. no. 7).

## III.   DISCUSSION

### A.   Legal Standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

///

550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

### B. "Roe" and "Doe" Defendants

Defendant moves to dismiss the "Doe" and "Roe" defendants listed in Plaintiff's Complaint. Defendant moves to dismiss these defendants named in the Complaint because the Federal Rules of Civil Procedure do not allow for the pleading of fictitious parties.

Plaintiff counters that Roe and Doe defendants are permissible when a plaintiff does not know the true identities of the defendant or defendants. (Dkt. no. 11 at 7.) Plaintiff states that the Roe and Doe defendants are potential third parties whom may also have been involved in the facts giving rise to this lawsuit.

Defendant misconstrues the Federal Rules of Civil Procedure. Even within the Ninth Circuit, where fictitious pleading is disfavored, *see e.g., Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969), there is not a comprehensive prohibition on such defendants, *see e.g., Lindley v. General Elec. Co.*, 780 F.2d 797, 799-400 (9th Cir. 1986). The Ninth Circuit has recognized that "situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint" and "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Plaintiff has provided a sufficient reason for including the Doe and Roe defendants in her complaint: she does not yet know their identities, but anticipates possibly determining the identities through discovery. Plaintiff states that she will move to amend her complaint accordingly should such identities be discovered. For this reason, and because Defendant fails to demonstrate that Plaintiff could not discover the Roe and Doe identities after conducting discovery, Defendant's Motion to Dismiss the Roe and Doe defendants is denied.

### C. Breach of Fiduciary Duty

Defendant seeks to dismiss a claim for breach of fiduciary duty. However, the Complaint does not allege such a claim. Further, even were the Court to construe Defendant's Motion as a motion to dismiss Plaintiff's tortious breach of the covenant of good faith and fair dealing claim, Defendant's Motion would be denied.

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendant were parties to an agreement; (2) Defendant owed a duty of good faith to the Plaintiff; (3) Defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Defendant argues that the Nevada Supreme Court does not recognize a fiduciary duty between the insurer and the insured, and that therefore no duty of good faith is owed to Plaintiff. This argument is misleading. While the Nevada Supreme Court may not specifically name the relationship between the insurer and the insured a "fiduciary relationship," it *has* held that there is a "special relationship between the insured and the insurer, which is similar to a fiduciary relationship." *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 325 (Nev. 2009); *see also Ainsworth v. Combined Ins. Co.*, 763 P.2d 673, 676 (Nev. 1988) (describing the insurer-insured relationship as one of "special confidence"); *Ins. Co. of the W. v. Gibson Tile Co., Inc.*, 134 P.3d 698, 703 (Nev. 2006) ("The insurer-insured relationship is fiduciary in nature.").

Moreover, in the context of insurance contracts, when an insurer fails to act in good faith by refusing "without proper cause" to compensate an insured for a loss covered by the policy, this failure gives rise to actions both in contract, *see Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev. 1993), and in tort, *see U.S. Fidelity & Guaranty Co. v. Peterson*, 540 P.2d 1070 (Nev. 1975). *See also Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1005 (D. Nev. 2005) ("An insurer fails to act in good faith when it refuses to compensate the insured for a covered loss. This breach of the

///

good faith and fair dealing covenant constitutes bad faith when the relationship of the parties is that of insurer and insured." (citations omitted)).

Defendant fails to demonstrate that it did not owe a duty to Plaintiff for the purposes of this cause of action. Defendant accordingly fails to demonstrate why Plaintiff's breach of the covenant of good faith and fair dealing cause of action must be dismissed. As such, the Court denies Defendant's Motion regarding this claim.

**IV.   MOTION TO STRIKE**

Defendant also moves to strike the paragraphs of the Complaint which mention the Roe and Doe defendants. (Dkt. no. 7.) For the same reasons listed above in Section III(B) regarding Defendant's Motion to Dismiss the Doe and Roe defendants, Defendant's Motion to Strike references to these defendants is likewise denied.

**V.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (dkt. no. 5) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (dkt. no. 7) is DENIED.

DATED THIS 24th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE